UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VICTOR E. HOLM,

        Petitioner,

        v.                               Case No. 07-C-0342

GREGORY GRAM,

        Respondent.

ORDER DISMISSING CERTAIN CLAIMS, DIRECTING AN ANSWER
TO THE PETITION, SETTING BRIEFING SCHEDULE REGARDING EXHAUSTION,
DENYING AS MOOT REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS,
AND DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

        Victor E. Holm filed a habeas petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Holm was convicted in Forest County Circuit Court of first degree intentional homicide as a party to the crime and was sentenced to life in prison without eligibility for parole. He is incarcerated at Columbia Correctional Institution.

        Initially, the court considers the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits
> that the petitioner is not entitled to relief in the district court, the
> judge must dismiss the petition and direct the clerk to notify the
> petitioner. If the petition is not dismissed, the judge must order
> the respondent to file an answer, motion, or other response
> within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Generally, during the initial review of habeas petitions, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Holm asserts seven grounds for relief, some grounds having subparts: (1) ineffective assistance of trial counsel for failing to provide correct information regarding the defense of coercion, thus rendering Holm's guilty plea involuntary; failing to object to the prosecutor's breach of the plea agreement; operating under a conflict of interest regarding a witness; failing to transcribe Holm's statement; failing to impeach witnesses; and waiving intoxication defense and hearing on competency against Holm's wishes; (2) ineffective assistance of (a) postconviction counsel for failing to argue certain issues at Holm's *Machner*[1] hearing, and (b) appellate counsel for failing to obtain *Machner* hearing transcripts and discovery from trial counsel, to investigate the case sufficiently, or to challenge the denial of a suppression motion and the admissibility of Holm's statement; (3) breach of the plea agreement by the prosecutor when he failed to inform the sentencing court of Holm's testimony against another defendant; (4) (a) use of false evidence by the prosecution, in particular the perjurious testimony of Elizabeth Mrazik and John Dennee, and (b) denial of the right to confrontation by the state's use of an out-of-court statement of a person who invoked his Fifth Amendment rights and refused to testify; (5) the record does not support the trial judge's determination that there was a factual basis for Holm's guilty plea that Holm understood the elements of the crime, or that the facts Holm admitted constituted a crime; (6) the trial judge did not explain the law before the guilty plea, and Holm did not understand that he could be held liable as a principal actor; (7) Holm's conviction was obtained through use of evidence obtained pursuant to an unlawful warrantless arrest.

---

[1]*State v. Machner*, 92 Wis. 2d 797 (Ct. App. 1979). A *Machner* hearing is a postconviction hearing on ineffective assistance of trial counsel. *See id.*

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Breach of a plea agreement appears to implicate a federal, constitutional issue, based on a defendant's right to due process and the requirement that his waiver of a right to trial be made voluntarily. *Santobello v. New York*, 404 U.S. 257 (1971). Pleas must be knowing and voluntary. *See Bradshaw v. Stumpf*, 545 U.S. 175, 182-83 (2005). And the admissibility of evidence obtained pursuant to an unlawful arrest implicates Fourth Amendment protections. In sum, several of Holm's grounds are colorable constitutional issues that may proceed further. However, certain grounds for relief must be dismissed.

Holm's petition indicates that he pled guilty but also had a jury trial. The decision of the Wisconsin Court of Appeals, attached to the petition, clarifies that Holm went to trial and after two days of trial testimony he entered a plea agreement. Thereafter, the plea was accepted by the court. Grounds (4)(a) and (b) above concern the trial testimony or perhaps testimony from a preliminary hearing. Either way, any constitutional problems with such testimony were waived by Holm when he pled guilty. Unlike a conviction following a trial, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A defendant may enter a guilty plea for a variety of reasons. For instance, he may wish to surrender and accept punishment, his fear of what might happen may jar an admission of guilt, or he may view the evidence and determine that a trial is not worth the agony or expense. *Id.* at 263 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)). Prior constitutional violations become irrelevant to the constitutional validity of the conviction. *See id.* at 321. The guilty plea is a "break in the chain of events which has preceded it in

3

the criminal process." *Tollett*, 411 U.S. at 267. Thereafter, the issue is not the merit of any claim of an antecedent constitutional violation, but rather whether the guilty plea itself was made intelligently and voluntarily. *Id.* at 265, 267. Although claims of prior constitutional deprivation may be considered when assessing the advice of counsel to plead guilty, they are not themselves independent grounds for habeas relief. *Id.* at 267.

The guilty-plea bar recognized by the Supreme Court applies to all antecedent constitutional claims except those challenging the power of the court to bring a defendant before it at all (such as a double-jeopardy or jurisdictional challenge), *Haring v. Prosise*, 462 U.S. 306, 320 (1983), and those specifically permitted by states, *id.*, usually regarding particular adverse rulings in pretrial matters (such as denial of motions to suppress) occurring prior to the guilty plea, *see Lefkowitz v. Newsome*, 420 U.S. 283 (1975). In Wisconsin, Wis. Stat. § 971.31(10) permits appeal of the denial of a motion to suppress or a motion challenging the admissibility of a statement even though a conviction followed a guilty plea. Other than jurisdictional questions, this legislative carve-out is the only exception to the rule that a guilty plea bars antecedent claims of unconstitutional conduct; the "'statute stops with the single exception it creates.'" *State v. Riekkoff*, 112 Wis. 2d 119, 126 (1983) (quoting *Foster v. State*, 70 Wis. 2d 12, 20 (1975)).

Thus, grounds (4)(a) and (b) of Holm's habeas petition must be dismissed as barred by his guilty plea. However, ground (7) may continue inasmuch as Holm argues matters permitted under Wis. Stat. § 971.31(10).

On the other hand, ground (2)(b) must be dismissed. Holm faults appellate counsel for failing to obtain transcripts and discovery from trial counsel, not investigating properly, and failing to make certain arguments. But subparagraphs 25(e) and (g) of the

4

petition and the Wisconsin Court of Appeals decision indicate that Holm represented himself pro se on appeal. The Wisconsin Court of Appeals decision indicates that Holm initially had counsel on appeal but then discharged counsel with the approval of the court. Thus, errors such as the failure to make certain challenges were Holm's, not counsel's. To the extent that Holm might be faulting the attorney for not obtaining transcripts and discovery before discharge, nothing suggests that after discharge Holm could not correct such errors. More importantly, Holm had full knowledge of his own case and what had transpired in the trial court. Thus, he cannot proceed on is claim that appellate counsel was ineffective when he had no counsel and any missteps were his own. Even so, ground (2)(a), which challenges the actions of counsel during Hom's postconviction *Machner* hearing, continues.

Regarding exhaustion, an application for a writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its

5

prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

According to Holm's petition and its attachments, his judgment of conviction was dated September 24, 2002, he filed a postconviction motion in September 2003, and he appealed his conviction and the denial of the postconviction motion to the Wisconsin Court of Appeals. The Wisconsin Court of Appeals affirmed on December 28, 2005. Holm filed a petition for review by the Supreme Court of Wisconsin, which was denied on April 10, 2006.

As to all but one of the remaining grounds for relief it appears that Holm has exhausted his state remedies. Whether Holm raised those grounds for relief on appeal or not, *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994), indicates that postconviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal.

However, at present it is unclear to the court whether Holm could have litigated on appeal his claim of ineffective assistance of postconviction counsel. It is possible that Holm still has the opportunity to raise that issue in a § 974.06 motion. If so, Holm might have to choose between dismissing that claim to permit the others to proceed here or seeking a stay of this case so he can go back to the state court to present this issue. *See Rhines v. Weber,* 544 U.S. 269 (2005). If he chooses the latter,

> stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

6

Case 2:07-cv-00342-CNC    Filed 12/13/07    Page 6 of 10    Document 5

*Id.* at 277.

Thus, the court will order the parties to address the exhaustion issue as to Holm's ineffective assistance claim respecting postconviction counsel.

Also, before the court is Holm's motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. However, to do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Hence, it is noted that iIndigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold consideration is whether the litigant has attempted to retain counsel himself. *Jackson*, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to

7

>             present the case; and (5) the complexity of the legal issues
>             raised by the complaint.

*Jackson*, 953 F.2d at 1072.

Holm has not met the threshold requirement of establishing that he has looked for counsel to represent him at a reduced or no charge. Although he presents letters seeking representation written to six attorneys, five of the letters were to attorneys in the University of Wisconsin's administration or at the University of Wisconsin Law School. Thus, they do not qualify as requests from five separate attorneys. Moreover, one of the addressees responded by indicating that Holm's request had been passed on to the University of Wisconsin Law School's Frank J. Remington Center's Legal Assistance to Institutionalized Persons Project and that a professor with that project was willing to meet with Holm. It is unclear from Holm's motion whether he ever took up the offer to meet with the LAIP professor and seek representation through her. For that reason, Holm's motion will be denied without prejudice. Further, Holm's present motion fails to persuade the court that he is unable to represent himself sufficiently in this case. Holm argues that the issues are complex, that an evidentiary hearing may be required in this court, that the requirements of the Antiterrorism and Effective Death Penalty Act are "new requirements" that the "courts are still trying to sort out," that he was placed into segregation shortly before filing his petition, and that he has no training in legal argument and is unfamiliar with federal rules of procedure. Contrary to some of his points, the requirements of AEDPA are over ten years old and have been discussed many times in federal court case law, the court does not see the issues in this case as being complex, and Holm's lack of familiarity with rules of procedure is not enough for this court to appoint counsel. Further, it is likely

8

that Holm's placement in segregation is temporary rather than permanent condition, and Holm provides no evidence that prisoners in segregation are denied access to legal materials. Also, the likelihood of an evidentiary hearing is slim, *see* 28 U.S.C. § 2254(e), and if it occurs counsel can be requested at that time. Finally, the exhaustion issue needs to be resolved before the court considers a future request for appointment of counsel.

Holm filed with his petition an application for leave to proceed in forma pauperis. However, he subsequently submitted the $5 filing fee, thereby mooting his request to proceed in forma pauperis.

Consequently,

IT IS ORDERED that grounds (2)(b) and (4)(a) and (b) are dismissed.

IT IS ORDERED that within forty-five days of the date of this order respondent must answer the remainder of the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

IT IS ORDERED that within forty-five days of the date of this order both parties must file a short brief discussing whether a motion under Wis. Stat. § 974.06 remains available to Holm regarding the ineffective assistance of postconviction counsel claim and, if so, whether the requirements of *Rhines* are met regarding a stay of this case. Alternatively, Holm could notify the court within forty-five days of his intention to dismiss the postconviction counsel claim and proceed on the remainder of his petition.

IT IS ORDERED that petitioner's motion for appointment of counsel is denied without prejudice.

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is denied as moot.

9

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge