UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VICTOR E. HOLM,

               Petitioner,

         v.                          Case No. 07-C-0342

GREGORY GRAMS,

               Respondent.

ORDER REINSTATING HABEAS PETITION IN PART, STAYING CASE,
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

Victor Holm seeks habeas corpus relief under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Holmes was convicted in Forest County Circuit Court of first degree intentional homicide as a party to a crime. He was sentenced to life in prison without the possibility of supervisory release or parole and is incarcerated at Columbia Correctional Institution.

At the out set, Holm claimed seven constitutional violations, with subparts: (1) ineffective assistance of trial counsel, (2) ineffective assistance of (a) postconviction counsel and (b) appellate counsel, (3) prosecutorial breach of the plea agreement, (4) a conviction through (a) use of false evidence and (b) denial of the right to confront witnesses, (5) an inadequate factual basis for his guilty plea, (6) an inadequate explanation of law during the plea hearing, and (7) use of evidence tainted by an unlawful arrest. By order dated December 13, 2007 (Doc. 5), this court dismissed claims (2)(b) and (4) because Holm represented himself on appeal and waived any antecedent constitutional violations by entering a guilty plea.

The court identified a possible issue of exhaustion as to ground (2)(a). The parties were directed to brief whether state law permitted Holm to file a motion regarding

that claim under Wis. Stat. § 974.06 and whether a stay of this case was appropriate. In his brief, respondent said that under state law it was unclear whether a § 974.06 petition would be permitted or would instead be barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181 (1994). In addition he opposed a stay, saying that Holm could have filed a § 974.06 motion during the nine months between the conclusion of his direct appeal and the filing of his habeas petition. Meanwhile, Holm filed a § 974.06 motion in Forest County Circuit Court as well as his brief here regarding exhaustion. Moreover, he seeks to stay this habeas case pending resolution of the state proceedings and asks that the December 13, 2007, screening order be reconsidered.

Before turning to the request for a stay, the court will address the dismissal of claims (2)(b), (4)(a) and (4)(b). Claim (2)(b) alleged ineffective assistance of appellate counsel. Holm contends that he confused the meanings of "appellate counsel" and "postconviction counsel," using the terms interchangeably when he intended to refer only to postconviction counsel. In Wisconsin state court proceedings postconviction counsel generally means the attorney representing a defendant in the court matters between entry of the judgment of conviction and the notice of appeal, such as hearings on motions for a new trial, whereas appellate counsel represents a defendant before the Wisconsin Court of Appeals after a notice of appeal has been filed. Holm argues that because he meant postconviction counsel, the dismissal of claim (2)(b) should be reversed.

With due regards for Holm's contention, it is clear that he has not asserted any reason why dismissal of his ineffective assistance of *appellate* counsel was improper. To the extent Holm indicates that claim (2)(b) was meant to specify only postconviction counsel's failings, dismissal of any legal claim regarding appellate counsel does him no

harm. Holm can discuss any factual bases for his claim that postconviction counsel's services were constitutionally deficient as dismissal of this legal claim regarding appellate counsel does not necessarily limit what he may assert regarding postconviction counsel. In other words, whether he used the wrong terminology in paragraph 22.B. of the petition can be clarified in a future brief discussing claim (2)(a). But it is not a basis for reinstating a legal claim of ineffective assistance of appellate counsel, which , as the court found earlier, fails because Holm represented himself on appeal.

Claim (4)(a) was dismissed initially because Holm pled no contest, and his conviction was not based on a jury verdict affected by false evidence. Holm argues that the prosecutor elicited false testimony from Elizabeth Mrazik and John Dennee during a jury trial which ended when the parties entered a plea agreement. According to Holm the prosecutor had an affirmative duty to correct that false testimony. He further submits that he pled guilty only after the perjurious testimony of these witnesses was heard at trial. Holm asserts that Mrazik, his son's mother, told the police that he was involved in the conspiracy to murder the victim, Holm knowingly cashed forged checks, Holm hid a suspect in a criminal investigation, Holm was not afraid of other coconspirators, and that Thomas Socha had told her Holm killed the victim.

Ordinarily, as noted earlier, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Prior constitutional violations are irrelevant to the constitutional validity of the conviction. *See Haring v. Prosise*, 462 U.S. 306, 321 (1983). After a guilty plea the issue is not the merit of any claim of an earlier constitutional violation but rather whether the guilty plea, standing alone, was entered intelligently and voluntarily. *Tollett*, 411 U.S. at

265. Although claims of prior constitutional deprivation may be considered when assessing the advice of counsel to plead guilty, they are not independent grounds for habeas relief. *Id.* at 267.

The guilty-plea bar applies to all antecedent constitutional claims except those challenging the power of the court to bring a defendant before it (such as a double-jeopardy or jurisdictional challenge), *Haring*, 462 U.S. at 320, and those specifically permitted by states, *id.*, usually regarding particular adverse rulings in pretrial matters (such as denial of a motion to suppress) occurring prior to the guilty plea, *see Lefkowitz v. Newsome*, 420 U.S. 283 (1975). In Wisconsin, Wis. Stat. § 971.31(10) permits appeal of the denial of a motion to suppress or a motion challenging admissibility of a statement notwithstanding that conviction followed a guilty plea. Other than jurisdictional questions, this legislative carve-out is the only exception to the rule that a guilty plea bars antecedent claims of unconstitutional conduct; the "'statute stops with the single exception it creates.'" *State v. Riekkoff*, 112 Wis. 2d 119, 126 (1983) (quoting *Foster v. State*, 70 Wis. 2d 12, 20 (1975)).

Holm does not suggest that he ever moved to suppress Mrazik's or Dennee's testimony before his trial was interrupted by his guilty plea. He does not indicate any place in the transcript that shows his objections to their testimony, and this court is not required to scour the record to find such evidence. Instead, Holm contends that the state presented testimony it knew to be contradicted or false and failed to retract or correct it. However, this court does not find that any such conduct, even if Holm's claim of falsity is true, falls within the carve-out for the guilty plea bar. The state of Wisconsin did not obtain Holm's conviction by use of false testimony; instead, it secured his conviction through a guilty plea.

Holm is permitted to argue that the allegedly false testimony impacted the voluntariness of his plea or the effectiveness of his counsel regarding his plea, but he cannot argue an independent violation because of the guilty-plea bar. Claim (4)(a) will not be reviewed.

Next, the court turns to Holm's request to reinstate claim (4)(b) for a violation of the confrontation clause. At trial, a police officer testified that coconspirator Socha stated out of court that Socha had cashed forged checks in furtherance of the conspiracy. Socha was not available to testify, as he exercised his right to remain silent. The trial court held Socha's statement to be a statement against interest and allowed the testimony under a Wisconsin state law exception to the hearsay rule. Consequently, Holm argues that his inability to confront Socha was a violation of the confrontation clause and caused him to plead guilty.

Holm contends that he objected to and requested suppression of the police officer's restatement of Socha's out-of-court statements. He points to his objection to this testimony in the trial transcript (Answer Ex. K at 166), which was made on hearsay and denial of confrontation grounds, as well as his "ongoing objection" to the testimony regarding the officer's retelling of Socha's statements (*id.* at 180). Because it is now arguable that this constitutional claim (the right of confrontation being guaranteed by the Sixth Amendment) falls within the carve-out from the guilty-plea bar, claim (4)(b) will be reinstated.[1]

In assessing the status of this case, the court has monitored Holm's state court § 974.06 proceedings through the Wisconsin Circuit Court Access and the Wisconsin

---

[1]The right of confrontation is guaranteed by the Sixth Amendment. The parties can discuss in later briefs what legal standard for confrontation claims applies to Holm's case. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36, 59 (2004) (decided subsequent to Holm's trial).

Supreme Court and Court of Appeals Case Access systems to see if the state trial court accepted Holm's § 974.06 motion for determination on the merits or denied it as barred. Although the circuit court's decisions are not available—docket entries are viewable publicly—it appears that Holm's motion was not denied out of hand. Instead, proceedings in circuit court continued for over two years. The matter is now on appeal (appeal number 2010AP001253) and the record suggests that briefing is incomplete. Thus it appears that the conclusion of Holm's state proceedings is not imminent.

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 655, 667 (7th Cir. 1990). However, if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be held in abeyance in limited circumstances to provide the petitioner an opportunity to exhaust the remaining claim. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate when there was good cause for the petitioner's failure to exhaust his claim first in state court, the exhausted claim is potentially meritorious, and the petitioner did not engage in intentionally dilatory litigation tactics. *Id.* at 277-78. Any stay should include reasonable time limits on a petitioner's trip to state court and back. *Id.* at 278 (pointing to a possible thirty-day interval to file proceedings in state court and a thirty-day interval from a state court final decision to reopen the federal habeas case). In a mixed-petition habeas case, if the court determines that stay and abeyance is inappropriate the petitioner should be allowed to dismiss any unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal habeas review. *Id.*

6

Respondent contends that Holm should have known about his unexhausted claims and could have filed a § 974.06 motion during the nine months between the end of direct review and his filing of this case. Therefore, respondent opposes a stay. Nevertheless, this court finds that a stay is appropriate under *Rhines*.

Respondent acknowledges that whether the state courts would accept Holm's § 974.06 motion as properly filed was questionable. Holm was proceeding pro se and brought several claims in this case. Thus, it is understandable that he may not have realized that each and every claim he brought had to be exhausted. Also, he reasonably misunderstood the difference between postconviction and appellate counsel under state law, which in turn made it unclear where and when he had to file motions in the state courts. Further, the length of time that the state courts have taken to address Holm's § 974.06 motion confirms that the unexhausted claim is potentially meritorious; the court certainly did not deny the motion out of hand in short order. (The court notes that had Holm filed his § 974.06 motion during the nine months suggested by respondent, the deadline for filing this case would remain open. Proceedings in the state courts have been in progress for over three years.) And this court sees no intentionally dilatory litigation tactics by Holm.

Though the parties were asked to address whether only Holm's ineffective assistance of counsel claim was unexhausted, docket entries in the Forest County court records system reflects the discussion of other issues, and parts of the record may relate to other claims in this case, such as Holm's receipt of transcripts that include witness testimony or statements, motions for discovery, and the production of the parties' plea agreement. The resolution of these issues in the state courts and any additional

documents that may be added to the record here may aid this court in its analysis of the exhausted grounds Holm has raised. (*See, e.g.,* Pet'r's Mot. to Supplement R.) Therefore, it is prudent to stay this case.

Now, therefore,

IT IS ORDERED that Holm's request to reconsider the dismissal of claims (2)(b) and (4)(a) is denied.

IT IS FURTHER ORDERED that Holm's request to reconsider the dismissal of claim (4)(b), for a violation of the confrontation clause through testimony he sought to be suppressed, is granted and that claim is reinstated.

IT IS FURTHER ORDERED that Holm's request for stay is granted.

IT IS FURTHER ORDERED that this case is closed for administrative purposes during the stay.

IT IS FURTHER ORDERED that following the conclusion of his § 974.06 proceedings in the state appellate courts Holm must move to reopen this habeas case within thirty days. Failure to file a motion to reopen within thirty days as directed above may provide cause for this claim to remain closed.

An amended answer and briefing on the merits of this case may be required only upon reopening and after a motion by Holm.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE