UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VICTOR E. HOLM,

        Petitioner,

        v.                                                     Case No. 07-C-0342

GREGORY GRAMS,

        Respondent.

ORDER DENYING MOTION TO RECONSIDER (DOC. 29) AND AMENDING CAPTION

        During screening of Victor Holm's habeas petition the court dismissed various claims. In an order of September 26, 2011, the court reinstated one of those claims (claim 4(b)) and stayed the case in light of pending state court proceedings. Respondent moves for reconsideration of the reinstatement of claim 4(b). For the following reasons the motion will be denied.

        Claim 4(b) was labeled as alleging denial of the right to confront witnesses. Initially, it was dismissed because Holm had pled guilty in the midst of trial, waiving most antecedent constitutional claims. However, as stated in prior orders, exceptions to the guilty-plea waiver include denials of motions to suppress, which Wisconsin state law permits to survive for appellate and habeas review. In the September 26 order the court indicated that Holm's filings subsequent to the screening order suggested that he sought suppression of a police officer's testimony regarding an unavailable witness's statement. The court found that it was now arguable that the claim, seen in the light of suppression of the officer's testimony rather than as solely a confrontation issue, was outside the guilty-plea bar.

Respondent contends that the court erred because the officer's testimony was admitted after a mid-trial objection was overruled and not pursuant to a written decision on a motion to suppress. Further, argues respondent, the matter is one under the confrontation clause alone and thus not outside the guilty-plea bar.

The court's reinstatement was not a definitive ruling that claim 4(b) is outside the guilty-plea bar. Perhaps it was unclear that the ruling merely found it to be arguable and claim 4(b) is outside the guilty-plea bar and worthy of further discussion in the parties' briefs. Dismissal of claims early in a habeas case is permitted when "it plainly appears . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. Holm's submissions following screening under Rule 4, arguing that he objected to the officer's testimony and sought suppression of it, drew into question whether the claim "plainly" failed. Reinstatement does not mean Holm wins on the issue, it merely means that the claim is not so baseless that Holm should be barred from presenting more argument on it.

Moreover, this case has been stayed and administratively closed while state court proceedings continue. It is unknown what effect the state court decisions will have on briefing the issues in this case, and resolution of the merits of this case have been suspended while the state court proceedings are pending. This court will await the state court decisions before determining the merits of any of Holm's remaining claims, claim 4(b) included. This court will consider the parties' arguments and legal issues in detail when the merits of this case are addressed following reopening.

For these reasons,

IT IS ORDERED that respondent's motion for reconsideration (Doc. 29) is denied.

2

Because respondent's counsel states that Michael Meisner has succeeded Gregory Grams as warden at Columbia Correctional Institution,

IT IS FURTHER ORDERED that the caption is amended to replace Gregory Grams with Michael Meisner.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE