UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

VICTOR E. HOLM,

        Petitioner,

        v.                                                                             Case No. 07-C-0342

MICHAEL MEISNER,

        Respondent.

---

DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO CLARIFY RULE 4 ORDER (DOC. 45), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR FEDERAL EVIDENTIARY HEARING (DOC. 42), AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DOC. 44)

On April 12, 2007, petitioner, Victor Holm, filed a petition for habeas corpus challenging his 2002 Forest County Circuit Court conviction following a guilty plea to one count of first-degree intentional homicide as a party to a crime. This court allowed petitioner to return to state court on a Wis. Stat. § 974.06 motion to seek the withdrawal of his guilty plea and request a new trial. The circuit court denied the motion without an evidentiary hearing. After reopening the federal habeas case, the court screened the amended petition and ordered respondent to file an answer. Respondent has since moved to clarify the Rule 4 order and petitioner filed motions for an evidentiary hearing and to appoint counsel.

With respect to the Rule 4 order, respondent asks the court to clarify whether he is required to answer only those claims of petitioner involving ineffective assistance of counsel. As to this inquiry, it is noted that petitioner entered a guilty plea after two days of jury trial testimony, and, as the court has explained in previous rulings, that plea forecloses

direct inquiry into the merits of claimed constitutional violations. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Nevertheless, the amended petition raises two grounds for relief: ineffective assistance of trial counsel (Ground One) and ineffective assistance of post-conviction/appellate counsel (Ground Two). Ground One includes a myriad of claims (A - P) under the heading "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

At this stage, the sole inquiry is whether "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The court may consider the petition and the documents attached thereto but it does not have access to the state court record. Respondent previously filed an answer before the petitioner returned to state court on the unexhausted claims. However, the record attached to the answer was filed in hard copy and did not remain with the file. Therefore, the only documents before the court at this juncture are the amended petition and attached appendices and the electronic filings.

Liberally construing the complaint as raising all of the claims under the rubric of ineffective assistance of trial counsel, the court notes that the vast majority of the claims under Ground One (A-G, H, J, L, N, and P) refer to counsel's alleged deficient performance beyond the general reference to the Sixth Amendment. Accordingly, respondent is called upon to answer those claims.

Further, Ground One (K and O) challenges the admission of statements by Thomas Socha, which allegedly deprived petitioner of his right to confront the witness. Ground One (I) challenges petitioner's statement obtained as the result of an illegal arrest. Respondent was asked to address these claims (I, K and O) when the court screened the initial petition

2

and again when the court screened the amended petition. (Docs. 5, 28, and 41.) On the other hand, Ground One (M - state presented false and misleading testimony) was dismissed as raised in the initial petition because it is barred by petitioner's guilty plea. Thus, with the exception of Ground One (M), respondent shall answer all claims raised in Grounds One and Two.

As the court previously explained, allowing petitioner to proceed at this stage does not mean that petitioner "wins on the issue, it merely means that the claim is not so baseless that [petitioner] should be barred from presenting more argument on it." (Doc. 31.) The court is simply asking respondent to file an answer and to submit any proper defense to the claim.

Next, petitioner moves for a full evidentiary hearing. The court determines whether an evidentiary hearing is required after reviewing the transcripts and records of the state-court proceedings. Rule 8 of the Federal Rules Governing Section 2254 Cases. Without the complete transcripts and records, petitioner's request for a full evidentiary hearing is premature at this stage.

Finally, petitioner has filed another request for the appointment of counsel on the grounds that the issues are complex and that an evidentiary hearing will be necessary. As previously explained, there is no right to appointment of counsel in a federal habeas case. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (explaining that "due process does not require appointment of counsel for indigent prisoners pursuing state post-conviction remedies or federal habeas relief."). An attorney may be appointed if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007); *see* 28 U.S.C. § 1915(e)(1).

A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55; *Jackson v. County of McLean*, 953 F.2d 1070, 1071-73 (7th Cir.1992). Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt,* 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

There has been no showing that petitioner has attempted to obtain counsel beyond what was submitted in 2007. Moreover, as stated in the court's December 13, 2007, decision and order, petitioner has demonstrated his ability to represent himself. His briefing has been extensive and he has competently presented colorable constitutional claims. However, the request may be renewed if circumstances change. Now, therefore,

IT IS ORDERED that respondent's motion to clarify Rule 4 order is granted. (Doc. 45) Respondent shall file an answer to all claims raised in Grounds One and Two.

IT IS FURTHER ORDERED that petitioner's motion for federal evidentiary hearing is denied without prejudice. (Doc. 42)

IT IS FURTHER ORDERED that petitioner's motion to appoint counsel is denied without prejudice. (Doc. 44)

Dated at Milwaukee, Wisconsin, this 13th day of May, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE