UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

VICTOR E. HOLM,

        Petitioner,

        v.                                  Case No. 07-C-0342

MICHAEL MEISNER,

        Respondent.

---

ORDER DENYING VICTOR E. HOLM'S MOTION FOR RECONSIDERATION (DOC. 52), DENYING HOLM'S MOTION TO STRIKE EXHIBIT M (DOC. 54), GRANTING IN PART HOLM'S MOTION TO SUPPLEMENT THE RECORD (DOC. 55), DENYING AS MOOT HOLM'S MOTION TO STAY BRIEFING (DOC. 55), DENYING HOLM'S MOTION TO STRIKE FOOTNOTE 2 OF RESPONDENT'S ANSWER (DOC. 56), DENYING AS MOOT HOLM'S MOTION TO REQUIRE RESPONDENT TO ADDRESS PTAC-TRIGGERMAN ISSUE (DOC. 56), AND GRANTING HOLM'S MOTION FOR ACCESS TO RELEASE ACCOUNT (DOC. 63)

        Victor E. Holm filed his amended petition for writ of habeas corpus on June 13, 2013, after returning to state court on a Wis. Stat. § 974.06 motion. Respondent, Michael Meisner, filed an answer as directed by the court, and Holm responded with a flurry of motions. The record suggests that this a common practice of Holm respecting the challenged conviction and the pending habeas petition. A prior order of this court reminded Holm that a habeas petition is not the time for discovery. (Doc. 27.) For the reasons set forth below, Holm shall proceed with the briefing in support of his petition.

        Before turning to the pending motions, it is important to note that Holm entered a guilty plea to one count of first-degree intentional homicide as a party to the crime after two days of jury trial testimony. The state courts affirmed the conviction, and the circuit court denied Holm's Wis. Stat. § 974.06 motion seeking the withdrawal of the guilty plea and a new trial. As explained to Holm in previous orders, the focus of

federal habeas inquiry is the nature of the advice given to Holm and voluntariness of the plea rather than the existence of an antecedent constitutional infirmity. *See Tollet v. Hendersoni,* 411 U.S. 258, 266 (1973). "While claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not independent grounds for federal collateral relief." *Id.*

Mindful of the limits of habeas review, the court turns to Holm's motion to reconsider the May 13, 2014, order requiring respondent to answer all claims with the exception of Ground One (M). In that claim, Holm asserted that the state presented false or misleading testimony or failed to correct such testimony before he decided to enter a guilty plea. According to Holm, this claim warrants review because it played a role in his decision to plead guilty. While the court will evaluate the circumstances surrounding Holm's ineffective assistance of counsel claims that are highlighted in the record, and how they affected his plea, it does not follow that every argument translates into an independent ground for collateral relief. Put another way, the guilty plea was a break in the chain of events that preceded it in the criminal process. *Id*., 411 U.S. at 267. As such, the motion for reconsideration will be denied.

Holm also moves to strike Exhibit M to the answer, which is the Wisconsin Court of Appeals' decision of *State v. Socha*, 298 Wis. 2d 548 (Ct. App. 2006). According to Holm, the *Socha* decision involves his codefendant, Thomas Socha, and was not part of Holm's record or otherwise referenced by the state court in reaching its decision.

Rule 5 of the Rules Governing Section 2254 Cases speaks in mandatory terms regarding what must be attached to the answer. Among other things, the rule requires the respondent to file with the answer copies of "the opinions and dispositive orders of the appellate court relating to the conviction or the sentence." Because the rule does

2

not address what may not be attached to the answer and it arguably falls within the language discussed above, the court finds no basis to strike Exhibit M. That said, the court is mindful that the decision regarding Holm's co-defendant is unpublished and may not be cited except in limited circumstances. Hence, Holm may be assured that the *Socha* decision will not be considered for any improper purpose in deciding this case.

Additionally, Holm seeks to supplement the record with sixty-one items, and stay briefing until the record is complete. He concedes that a number of the transcripts were previously in his possession, but asserts that they were destroyed by Columbia Correctional Institution. Additionally, he has agreed to withdraw a number of the requests. On the other hand, Meisner does not separately address each request other than to assert that some of the items were previously provided to Holm and he was not ordered to resubmit those documents.

Procedurally Holm's request is hard to assess at this stage. Holm has set forth in his reply how each item generally relates to the ineffective assistance of counsel claims asserted in his pending petition. However, as reflected by the number of orders screening the petitions and the subsequent motions to clarify and reconsider filed by both parties, Holm's amended petition casts a wide net of ineffective assistance claims. Some of those claims may not be viable once the record is reviewed but they are "colorable" for screening purposes. As such, it is difficult to deprive Holm of access to documents in the underlying record to the extent he reasonably believes the documents are critical to the briefing of his claims.

In this respect, the court is mindful of a recent Seventh Circuit Court of Appeals decision in which the Seventh Circuit remanded the habeas petition of Holm's

3

codefendant, Thomas Socha, to the district court after finding a basis for equitable tolling. In *Socha v. Boughton*, the Seventh Circuit expressed concern that Socha did not have access to his file while trying to litigate his claim:

> Even the most seasoned attorneys do not, and should not, draft motions, memoranda, or briefs without access to the basic files underlying the actions. They likely would face discipline if they attempted to reconstruct the case from memory alone. To expect Socha to have a photographic memory permitting him to write a petition without his file is unrealistic."

763 F.3d 674 (7th Cir. 2014.) In light of these concerns, respondent must supplement the record with the requested documents except for items 1, 2, 3, 10, 11, 17, 32, 33, 35, 36, 54, and 60.[1] A copy of the supplemental record shall be served on Holm. The court will allow additional time for briefing.

Finally, Holm moves the court to strike footnote 2 of Meisner's answer, require Meisner to address and answer Holm's "PTAC Triggerman Issue," and to grant Holm access to his release account. There is no basis to strike footnote 2. Indeed, in footnote 2 the respondent refers to the triggerman issue and Meisner writes in his brief that the court of appeals' resolution of the issue was not an "unreasonable determination of the facts in light of the evidence presented in the state court." Holm should proceed with the issues raised in the amended petition. The court will grant Holm access to his release account to pay for copies, postage, and other fees.

Now, therefore,

IT IS ORDERED that Victor Holm's motion for reconsideration is denied. (Doc. 52.)

---

[1] It appears from the parties' submissions that each of these documents is included in the state record and readily available to the respondent. If that is not the case, respondent shall so notify the court.

IT IS FURTHER ORDERED that Holm's motion to strike Exhibit M is denied. (Doc. 54.)

IT IS FURTHER ORDERED that Holm's motion to supplement is granted in part. (Doc. 55.) Meisner shall file the supplemental record as directed on or before December 12, 2014. Holm shall file his brief in support of his petition on or before January 30, 2015. Meisner may file an opposition brief on or before March 4, 2015. Holm shall file his reply on or before April 6, 2015.

IT IS FURTHER ORDERED that Holm's motion to stay is denied as moot. (Doc. 55.)

IT IS FURTHER ORDERED that Holm's motion to strike respondent's answer is denied. (Doc. 56.)

IT IS FURTHER ORDERED that Holm's motion to require respondent to address the triggerman issue is denied as moot. (Doc. 56.)

IT IS FURTHER ORDERED that Holm's motion for access to release account is granted.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
CN CLEVERT, JR.
U.S. DISTRICT JUDGE