UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VICTOR E. HOLM,

              Petitioner,

       v.                                     Case No. 07-C-0342

MICHAEL MEISNER,

              Respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING
CERTIFICATE OF APPEALABILITY AND DISMISSING CASE

      Victor Holm filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging his judgment of conviction in Forest County Circuit Court Case No. 2001CF122

on one count of first-degree intentional homicide as a party to a crime.[1]  Holm was charged

with the shooting death of Lance Leonard, who was buried in a shallow grave in the woods

near Crandon, Wisconsin.  On the third day of his jury trial, Holm pled guilty to first-degree

intentional homicide in return for the state's sentence recommendation of life in prison, and

agreement not to take a position respecting his eligibility for release.  On September 24,

2002, Judge Robert A. Kennedy sentenced Holm to life in prison without the possibility of

release.  After Holm filed a postconviction motion and the circuit court conducted a

*Machner* hearing, the Wisconsin Court of Appeals affirmed Holm's direct appeal and the

Wisconsin Supreme Court denied his petition for a writ of certiorari.  Holm filed his federal

habeas petition in this district, then returned to the state courts to pursue a Wis. Stat.

§ 974.06 motion on various ineffective assistance of counsel claims that were not raised

---

[1]The petition may be heard in this district because Holm is currently incarcerated in Columbia
Correctional Institution.  28 U.S.C. § 2241(d).

in his original postconviction motion.  The circuit court denied the § 974.06 motion without an evidentiary hearing.  Thereafter, the Wisconsin Court of Appeals found the claims procedurally barred and lacking merit.  Nevertheless, the Wisconsin Court of Appeals remanded for the limited purpose of correcting the judgment of conviction to reflect a sentence of life in prison without eligibility for extended supervision.[2]  For the reasons set forth below, the petition will be denied.

Because of the number of appeals and documents filed by Holm and the "scattershot" approach he has taken to litigation, a discussion of the procedural history is critical to the resolution of this petition.  *See generally State v. Holm*, 2012 WI App 106, ¶ 17.  At each step of litigation, Holm has disregarded the procedural rules and standards of review.  As a result, at times it is difficult to determine what Holm is arguing and what evidence he is relying upon.  In any event, the court has reviewed all documents on file, mindful of the standards governing habeas review.

Holm was charged on December 10, 2001, with first-degree intentional homicide, as party to a crime, in connection with Leonard's death.  At that time, Attorney Robert Rusch was appointed to represented him.  On March 28, 2002, Attorney Rusch filed pretrial motions to suppress statements, change venue, compel disclosure of confidential informant, and suppress evidence obtained pursuant to a defective search warrant.  Judge Robert A. Kennedy denied the motions.  Trial commenced on June 25, 2002.  On the second day of trial, Holm indicated to his investigator and later Attorney Rusch that he was

---

[2]Holm was sentenced to life in prison without eligibility for extended supervision; however, the judgment of conviction stated "life in prison without the eligibility of parole."  *State v. Holm*, 2012 WI App 106, ¶¶ 22, 23.  The Court of Appeals affirmed the judgment and order denying postconviction relief but remanded to the circuit court to correct the judgment to reflect the actual sentence.  The amended judgment docketed on August 21, 2012, states that Holm is serving life in prison without eligibility for extended supervision.

2

interested in exploring the possibility of a plea. By the third day, Holm indicated that he was prepared to put the plea on the record, and, that in exchange for the plea, the prosecutor agreed to take no position regarding Holm's eligibility for extended supervision. The court kept the jury, but instructed Holm and his attorney to go over the plea questionnaire form in the law library.

After discussing the plea questionnaire form, the parties went back on the record with Attorney Rusch representing that he had reviewed the questionnaire with Holm and that Holm had signed the document. Holm confirmed his signature and stated that he had reviewed the document with his attorney "line by line." He told the court that he understood that the trial would stop, that he would not be able to present mitigating circumstances or subpoena and/or cross-examine witnesses, that the judge was not bound by the plea agreement or recommendations, and that he faced mandatory life imprisonment without the possibility of parole. The record reveals that the District Attorney, Leon Stenz, told the court that he agreed to "remain silent and take no position with respect to extended supervision release."

During the colloquy, the court read the information to Holm as follows:

Court: The above named defendant on or about Tuesday, November 20, 2001, in the Town of Hiles, Forest County, Wisconsin, as party to a crime, did cause the death of Lance L. Leonard with intent to kill that person contrary to Section 940.01(1)(A). And this is a Class A felony. Mandatory penalty is life imprisonment. How do you plea to that?

Holm: Guilty.

The court further explained the consequences of being charged as a party to the crime and the possible sentences:

Court:      Now, I notice that you were careful to – with respect to the crime that was committed, careful to delineate that you helped others commit it. And that as a party to the crime. Well, notice the charging document alleges that you were a party to the crime. Sometimes that causes confusion. But under Wisconsin law a party to a crime is guilty of the crime and consequences and penalties, the maximums anyway, are the same as to whether you actually committed it or whether you were a party to committing it. You understand that?

Holm:       Yes, I do, your Honor.

Court:      Now, when we get into the sentencing phase, the court, meaning the judge, has some options. One of them is mandatory life imprisonment without the possibility of parole. Others are life imprisonment but with the possibility of parole at different periods of years and so that would have to come from the bench. Decisions would be made before sentencing or during sentencing rather, as to what would be done. So it's not clear at this point what your actual chance of getting out of prison would be. You understand that?

Holm:       Yes, I do.

Court:      If you had questions, did you ask Mr. Rusch?

Holm:       I asked my attorney, yes.

Court:      And received answers?

Holm:       Yes.

Stenz:      Judge, I just want to make one comment. We've been referring parole. As the court is aware, it's now called extended supervision. But I think the intent was the same.

Rusch:      Your Honor, I would concur in that comment.

Court:      Well, extended supervision isn't, I don't think, issued at the time of sentence, is it? Okay. All right. The language – here's the language that the statute has. This is for sentencing an offense such as this that calls for life imprisonment. Here's the options.

            One, that you be eligible for release to extended supervision after serving 20 years.

4

> Two, that you would be eligible for release to extended supervision on a date set by the court. And that would have to be of more than 20 years.

> Three, that you would not be eligible for release to extended supervision at all.

> So that's what the judge will have to decide at the time sentence is pronounced. Do you have any questions up to this point?

Holm:      No.

Holm acknowledged that he was pleading guilty to party to the crime of murdering someone and that the murder was intentional. His attorney represented to the court that he believed that Holm was "knowingly and intelligently waiving his constitutional rights and his trial rights." The court found a sufficient factual basis to support the charge. Holm had no disagreement with his attorney's statements and said that he was satisfied with the legal representation he had received up that point. Holm confirmed that nothing affected his thinking process and that he received no threats or promises to get him to plead guilty. In exchange for the state taking no position on sentencing, Holm was required to testify truthfully against any co-defendant or co-conspirators in Leonard's murder. Holm advised the court that he understood the plea bargain, and the court found that the plea was freely and voluntarily made.

The court dismissed the jury and accepted the plea, then went back on the record and confirmed with Holm that his attorney had explained the concept of party to the crime. Holm confirmed that he had, and the court proceeded to read the jury instructions to Holm regarding party to the crime, aiding and abetting, and conspiracy.

5

During the sentencing hearing on September 24, 2002, District Attorney Stenz recounted the agreement–that the defendant would testify truthfully and the district attorney would remain silent and take no position respecting "extended supervision." In light of the agreement, District Attorney Stenz refused to make a statement so as to not say something that could be interpreted as taking a different position. Meanwhile, Attorney Rusch argued that Holm should be afforded the possibility of parole. Prior to sentencing Holm to life in prison without eligibility for "release to extended supervision," Judge Kennedy commented as follows:

> Court:    I think the authorities believe that you pulled the trigger. And from what I can see, I think you did too. But that's irrelevant as to the sentencing because you're implicated in this up to your eyeballs. Clearly you did conspire with Drews and Socha and Elizabeth Mrazik to kill Lance.

After hearing from the victim's family, the court sentenced Holm to life in prison because it was "necessary to protect the public from further criminal activity."

Following the entry of judgment, Holm's postconviction counsel, Attorney James R. Lucius, filed a notice of intent to pursue postconviction relief and subsequently moved to withdraw Holm's plea on the ground that: (1) trial counsel misinformed Holm regarding the availability of the coercion defense; (2) failed to explain party to a crime properly–suggesting that if he admitted to being a party to the crime the court would not be able to rely on evidence that he pulled the trigger and sentence him as if he were the actual triggerman; and (3) failed to object to the State's alleged breach of the plea agreement. Holm stated in his affidavit that the decision to enter the guilty plea was the direct result of being informed by defense counsel on the second day of trial that he would not be allowed to introduce evidence that supported his claim to have been an unwilling and coerced

6

participant in the incident and that he would not be sentenced as the "actual triggerman." According to Holm, he would not have entered into a plea had he received the correct information from counsel.

The circuit court conducted a *Machner*[3] hearing on January 6, 2004. Attorney Lucius argued that Holm felt compelled to enter the guilty plea because of counsel's ineffectiveness. To that end, Holm waived his attorney/client privilege with respect to Attorney Rusch, who was called to testify.

During the hearing, Attorney Rusch testified that he was prepared to present the defense of coercion–their "primary articulated defense" but that the district attorney may have objected to its admissibility because Thomas Socha was charged as a co-conspirator. However, when asked if he ever told Holm that they could not raise the coercion defense, Attorney Rusch replied "absolutely not." As Attorney Rusch explained:

Rusch:        Mr. Holm has a very strong mind set. He has his own agenda. Whether or not he understood is a difficult question. I can say that he is an intelligent individual, but I think he brings to these set of facts his own strong opinions on how things ought to be, and it is difficult for him to subordinate his deeply perceived viewpoint on how things ought to be with my instructions as to the law.

Stenz:        Did you agree with the defendant's decision to enter a plea?

Rusch:        Well, I don't know if I agree or disagree. I recognize that it is entirely his decision, and it is not my role to argue him out of it or into it. It's my role to see to it that he fully understood his decision.

Stenz:        Did you, in fact, recommend that he not enter a plea?

Rusch:        I don't think I made a recommendation either way.

---

[3] *State v. Machner*, 92 Wis.2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

7

| Stenz: | Were you disappointed with the decision to enter a plea? |
|---|---|
| Rusch: | No. |
| Stenz: | Do you feel the decision to enter a plea was an appropriate resolution in this case? |
| Rusch: | It was appropriate in the sense that I believe that it grew out of my being fully prepared to spend the entire week in trial. I had – I was set up to do that. Mr. Moon and I had fully investigated this case. We had issued our subpoenas. We were ready to try this case. In the middle of this case, the defendant decided to change his plea. That was his right. I cautioned him against being hasty in making such a decision. I urged him to reflect on it overnight. He did so. |
| | We discussed the matter further the next day. He remained adamant in that decision. I believe that the decision was his and grew out of his re-assessment of what had occurred and primarily grew out of a decision on his part that his girlfriend would, in fact, testify against him, and that, more than any other factor, I think, was the operative fact that changed his mind about the trial. |

Attorney Rusch also testified that he *never* told Holm that by entering a plea as a party to the crime the court would not be able to find that he actually pulled the trigger, and that the triggerman issue was not the reason that Holm pled guilty. According to Attorney Rusch, there was no requirement in the plea agreement that the district attorney bring forth favorable information on behalf of Holm at sentencing.

Judge Kennedy ruled from the bench at the close of the *Machner* hearing, applying the *Strickland* analysis. He concluded that counsel was effective in his representation of Holm, "not deficient in any way," and there was no prejudice to Holm. The circuit court described the killing as "in cold blood, premeditation, execution style," which is why he did not give any time for release. Further, he found that the prosecutor did not breach the plea

8

agreement, adding there was no probability "that the jury would have any reasonable doubt of guilt."

After learning that counsel found no issues of merit to present to the appellate court, Holm filed a motion to discharge Attorney Lucius. Holm stated that he understood that he would be required to comply with the rules of appellate procedure and that he would not be entitled to the appointment of new counsel except in the most extraordinary of circumstances. He indicated that he wished to proceed pro se on direct appeal and had obtained the assistance of another prisoner versed in criminal law and appellate procedure. In granting Holm's motion to discharge counsel, the Wisconsin Court of Appeals commented that the "documents filed by Lucius along with his motion to withdraw establish that Holm is fully aware of his duties as a pro se appellant and that he appreciates the difficulty of the task he has undertaken" and that his "motion established that he is competent to represent himself."

In his pro se appellate brief, Holm raised numerous challenges to his guilty plea and counsel's effectiveness, but also argued that the state engaged in prosecutorial misconduct and breached its agreement, the circuit court erred by denying his pretrial motions to suppress, and that he was denied the right to appellate counsel.[4] The Wisconsin Court of Appeals affirmed the Forest County Circuit Court on December 28, 2005. *State v. Holm*, 2006 WI App 20.

---

[4]For the first time on appeal, Holm claimed that trial counsel: (1) had a potential conflict of interest; (2) was unprepared for the preliminary hearing; (3) reserved his opening statement; (4) failed to challenge Holm's competency to stand trial; (5) failed to raise an NGI defense; (6) stipulated to the State's motion in limine; (7) failed to negotiate a plea agreement prior to trial; and (8) failed to submit a jury instruction on intoxication. *State v. Holm*, 2006 WI App 20, n. 2.

9

In ruling, the Wisconsin Court of Appeals applied *Strickland* and *Hill* to Holm's ineffective assistance of counsel claims. 2006 WI App 20, ¶ 5. With respect to his assertion that counsel told him he could not raise a coercion defense, the court upheld the factual determinations made by the circuit court following the *Machner* hearing. *Id.*, at ¶ 7. It cited Rusch's testimony that he never told Holm they had to abandon the coercion defense and that he was fully prepared to make a good faith effort to present that defense at trial. *Id.* Additionally, the record undermined Holm's argument that counsel failed to truly inform him of the consequences of pleading guilty as party to the crime. *Id.*, at ¶ 8. It reveals that counsel and the trial court explained the consequences that would occur as a result of the plea, and that he demonstrated an understanding of the plea. *Id.* Moreover, the court of appeals cited the trial court's statement that "Holm did so many acts aiding and abetting the crime, helping dig the grave and so on and so forth, I don't remember all of them, but he was involved up to his eyeballs, whether he was the trigger man or not." *Id.* Further, the record discloses that the district attorney did not agree to inform the court of any cooperation by Holm. ¶ 9. Hence, the district attorney's failure to address the subject at the sentencing hearing could not constitute a breach of the plea agreement.

The court of appeals found that Holm waived any issue not previously raised, citing *Lasky's* holding that a valid guilty plea waives all non-jurisdictional defects and defenses. *Id.*, at ¶ 14 (citing *State v. Lasky*, 2002 WI App 126, ¶ 11). And, by pleading guilty, Holm waived the prosecutorial misconduct argument with respect to Mrazik's trial testimony, and nothing in the record supported his argument that the circuit court erred in denying his pretrial motion to suppress. *Id.*, at ¶ 16. Finally, the court of appeals found that Holm had been fully informed of his options on appeal and the "difficulties and disadvantages of

10

proceeding pro se." *Holm*, 2006 WI App 20, ¶ 17. After the Wisconsin Supreme Court denied Holm's petition for review, Holm did not file a petition for writ of certiorari with the United States Supreme Court.

On April 12, 2007, Holm filed this § 2254 petition in the Eastern District. Meanwhile, on March 3, 2008, he returned to circuit court to file a pro se motion for postconviction relief under Wis. Stat. § 974.06 seeking postconviction discovery and withdrawal of the plea. The filing was supported by a 46-page affidavit. Judge Kennedy entered a series of procedural orders; however, Judge Patrick O'Melia was assigned to the case subsequently. On June 9, 2009, Holm filed 1,301 requests for admissions, to which the state did not respond.

On November 23, 2009, Holm filed an amended postconviction motion of over 100 pages. Holm argued that he instructed Attorney Rusch to withdraw the plea prior to sentencing, the plea colloquy was insufficient, and that counsel was ineffective for the following reasons: (1) conflict of interest with respect to Elizabeth Mrazik because Attorney Rusch could have been a witness in the case; (2) his statements to police were taken in violation of the Fourth, Fifth, and Sixth Amendment; (3) his right to confront Thomas Socha was violated; (4) the jury was prejudiced by viewing him in shackles; (5) Holm did not receive the plea concessions he thought he had agreed to; (6) he did not understand party-to-a-crime liability when he entered his plea; (7) trial counsel was ineffective in eight different respects in handling of suppression issues; (8) trial counsel was ineffective in failing to file motions in limine seeking to prevent the State from referring to various pieces of evidence at trial; (9) trial counsel was ineffective in abandoning his request for a change of venire and in his handling of voir dire; (10) trial counsel was ineffective in failing to timely

request sequestration of witnesses; (11) trial counsel was ineffective in failing to conduct an adequate investigation and failing to master discovery; (12) trial counsel was ineffective in failing to enter an NGI plea; (13) trial counsel was ineffective in stipulating that the defense would not present certain evidence; (14) trial counsel was ineffective in failing to challenge false, perjured and misleading testimony; (15) trial counsel was ineffective in failing to object to other-acts evidence; (16) trial counsel was ineffective in failing to raise destruction of evidence issues; (17) trial counsel was ineffective in failing to turn over to postconviction counsel Lucius and /or Holm's portions of discovery; and (18) Wis. Stat. § 803.09 postconviction counsel James Lucius was ineffective.

Judge O'Melia denied Holm's amended § 974.06 motion without an evidentiary hearing in a 25-page memorandum decision dated March 29, 2010 (filed on April 5, 2010). In ruling, he noted that "any issue finally adjudicated, waived, or not raised in a prior postconviction motion may not serve as the basis for a subsequent § 974.06 motion, unless a sufficient reason exists for the defendant's failure to have raised the issue previously." Acknowledging that ineffective assistance may be a sufficient reason under *State v. ex. rel. Rothering v. McCaughtry*, 205 Wis. 2d 675 (1996), the court proceeded to cite to the record and deny on the merits each of the arguments raised in the amended § 974.06 motion.

Substantively, Judge O'Melia grouped Holm's various arguments into ten categories. The first grouping focused on Holm's attempts to attack the knowing and voluntary nature of the plea on the ground that he did not understand: (1) the party to the crime designation, (2) that he was not eligible for parole or the difference between supervision and parole; or (3) counsel's failure to notify the court prior to sentencing that he wished to withdraw his plea. Judge O'Melia cited the court of appeals' decision resolving the party to the crime

12

issue, and, among other things, noted that Judge Kennedy had made it "abundantly clear" what he might receive when the sentence was imposed. Additionally, Holm failed to argue that he had a "fair and just reason" to withdraw the plea or otherwise explain his failure to bring the concern to the court's attention when he had "ample opportunity" to speak at sentencing.

Next, Judge O'Melia rejected a series of arguments relating to the issues of the warrantless arrest and subsequent search. Not only had counsel objected to the admissibility of evidence and raised pretrial motions the court found, but Judge Kennedy had ruled on those issues prior to the start of trial. Similarly, Judge O'Melia rejected the argument that Holm had been denied access to counsel because he testified that he understood his right to have an attorney present and that he had not made a written request to use the phone to contact counsel.

Further, the record demonstrated that Attorney Rusch raised and argued the confrontation argument, and that many of the statements referenced by the state were supported by later, non-hearsay testimony, Holm's own statements, or were otherwise brought out at the preliminary hearing rather than trial. Holm's argument that counsel had a conflict of interest was undermined because the evidence was brought to the court's attention, disclosed at trial, and the second letter from Holm to Mrazik was never an issue at trial which meant that there was no need for counsel's testimony.

Judge O'Melia also found that Rusch had argued for the suppression of evidence relating to stolen checks, prior imprisonment and other acts, and such evidence was admissible as to motive. Each of the remaining arguments regarding the venire and voir dire failures, discovery and investigation failures, and the failure to raise destruction of

13

evidence issues based on record evidence and/or Holm's failure to support a finding of ineffective assistance or otherwise demonstrate prejudice. As a final matter, Judge O'Melia noted that Judge Kennedy allowed Holm to be dressed in civilian clothes without handcuffs while shackled under the table out of view. Moreover, Judge O'Melia determined that Holm did not suggest he suffered from a mental disease or defect and that there was no evidence to support a finding that the lack of sequestration prejudiced the case. Because Holm failed to establish that Attorney Rusch was ineffective, Holm could not argue that Attorney Lucius was ineffective for failing to raise the same arguments about Attorney Rusch.

On April 22, 2010, Holm moved for reconsideration on the ground that Judge O'Melia erred in ignoring his requests for admissions and discovery demands. Judge O'Melia rejected the requests to admit as an improper tool for a § 974.06 motion, and concluded that any admissions would not alter the court's analysis. Moreover, Judge O'Melia did not ignore the discovery requests, noting Holm's failure to show entitlement to any specific requests. Judge O'Melia cited precedent that an evidentiary hearing is not required where the record conclusively demonstrates that the defendant is not entitled to relief. *See Zuehl v. State*, 69 Wis. 2d 355, 361 (1975). Finally, the majority of the remaining arguments had been addressed in the April 5, 2010, decision, or Holm otherwise failed to support his motion with any facts that would entitle him to relief.

Holm appealed, contending that Judge O'Melia erred in "starting over from step one," failed to consider his requests for admissions, failed to consider his affidavit, failed to address postconviction discovery issues, and failed to grant a hearing. Additionally, he repeated the ineffective assistance of counsel arguments set forth in his postconviction

14

motion.  The Wisconsin Court of Appeals affirmed the circuit court on August 12, 2012. 2012 WI App 106.  Specifically, the court of appeals found that Holm's ineffective assistance claims were procedurally barred citing *Escalona-Naranjo*, 185 Wis. 2d 168 (1994).  *Id.*, at ¶ 19.  The first set of issues regarding failure to explain party to a crime and breach of the plea agreement had been resolved on direct appeal and could not be relitigated.  *Id.*, at ¶ 20.  In dealing with the next set, the Wisconsin Court of Appeals acknowledged that ineffective assistance of counsel could be a sufficient reason for failing to raise ineffective assistance of counsel in a previous postconvction motion.  *Id.*, at ¶ 21 (citing *Rothering v. McCauthry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996). However, Holm had not explained why he failed to argue on direct appeal that his postconviction attorney was ineffective.  *Id.*, at ¶ 22.  Finally, even if the claims were not procedurally barred, the court of appeals agreed with the "State and the circuit court that the claims have no merit." *Id.*, at ¶ 23.  Nevertheless, the court of appeals remanded for the sole purpose of correcting the judgment of conviction to reflect a sentence of life in prison without the eligibility for extended supervision rather than "life in prison without the eligibility of parole" to reflect Holm's actual sentence. *Id.*  On March 12, 2013, the Wisconsin Supreme Court denied Holm's petition for review.  *State v. Holm,* , 347 Wis. 2d 111 (2013).

Holm returned to federal court to reopen his § 2254 petition.  The court ordered respondent to answer and instructed respondent to supplement the record.  On January 5, 2015, Holm filed nineteen motions with exhibits on the separate claims raised in the petition.  The court denied the motions as improper attempts to circumvent the briefing

schedule. When Holm field his brief in support of the petition, he attached nineteen additional motions and incorporated all by reference into his brief.

In the pending petition, Holm seeks an order allowing him to withdraw his plea, dismissing the case with prejudice, and suppressing his December 6, 2001, and December 9, 2001, statements on the grounds that the state courts: (1) unreasonably determined the facts; (2) decided his case contrary to the law of the Supreme Court; (3) unreasonably applied Supreme Court precedent, and (4) violated state statutes. The claims are grouped as ineffective assistance of trial counsel, and/or postconviction counsel and are labeled as follows:

| | |
|---|---|
| I(A) | Coercion and triggerman issues |
| I(B) | Breach of the plea agreement |
| I(C) | Conflict of interest |
| I(D) | Failure to transcribe and discuss |
| I(E) | Failure to prepare and impeach |
| I(F) | Intoxication and competence |
| I(G) | Illegal arrest |
| I(H) | Denial of access to counsel |
| I(I) | Suppression of 12/6/01 statement |
| I(J) | Suppression of 12/9/01 statement |
| I(K) | Confrontation |
| I(L) | Jury issues |
| I(M) | False and misleading testimony |
| I(N) | Destruction of evidence |
| I(O) | In furtherance of the conspiracy |
| I(P) | Drug bust |
| I(Q) | Entitlement to withdraw his plea |
| II | Ineffectiveness of postconviction counsel |

Although some of these claims were addressed in screening orders, Holm has addressed all in his briefing. This court will address them below.

ANALYSIS

A petition seeking a writ of habeas corpus may not be granted as to any claim that was adjudicated on the merits in state court unless the decision on that claim "resulted in

16

a decision that was contrary to, or involved an unreasonable application of, clearly established" U.S. Supreme Court law or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see also Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). A state-court decision is "contrary to" Supreme Court law if the state court arrived at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decided the case differently than the Supreme Court on facts that are materially indistinguishable. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000).

Further, a state court decision is an "unreasonable application" of Supreme Court law if the state court identified the correct governing legal principle but unreasonably applied that principle to the facts of the case. *Id.*, 529 U.S. at 407-09, 413. A federal court analyzing the "unreasonable application" prong of § 2254(d)(1) "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*, 529 U.S. at 409. This standard is a "substantially higher threshold" than whether the state court's determination was incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933 (2007); *see Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011) (stating that the standard of § 2254(d) is difficult to meet and highly deferential, demanding that state-court decisions receive the benefit of the doubt). Notably, a state court's fact determinations are presumed correct and a petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As the Supreme Court has stated, the standard of review in a habeas case

> is difficult to meet, that is because it was meant to be. . . . [A] state prisoner
> must show that the state court's ruling on the claim being presented in
> federal court was so lacking in justification that there was an error well

17

understood and comprehended in existing law beyond any possibility for fair-minded disagreement.

*Harrington v. Richter*, 562 U.S. 86, 102–03, 132 S. Ct. 770, 786–87 (2011).

The relevant state court decision is that of the last state court to review the issue. *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009). The standard of review in § 2254(d) applies even where the state court issued only a summary denial. *Cullen*, 131 S. Ct. at 1402. In reviewing a summary denial, the habeas court must determine what arguments or theories could have supported the state court's decision and ask whether fair-minded jurists could disagree that those arguments or theories are inconsistent with a prior decision of the U.S. Supreme Court. *Id.*

Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S. Ct. at 1398. Because the deferential standards in § 2254(d) control, this court must take those standards into account when deciding whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. Any evidence that would be introduced in federal court would be irrelevant to review under § 2254(d)(1). *Cullen*, 131 S. Ct. at 1400. If a claim has been adjudicated on the merits by a state court, the federal habeas petitioner must rely only on the record that was before the state court. *Id.*

In cases where § 2254(d)(1) does not bar federal habeas relief—for instance when a claim was not adjudicated on the merits in state court—§ 2254(e)(2) permits an evidentiary hearing in limited circumstances. *Cullen*, 131 S. Ct. at 1401. If the petitioner failed to develop the factual basis of a claim in state-court proceedings, the court may conduct an evidentiary hearing only if the petitioner shows that (1) the claim relies on either a new rule of constitutional law made retroactive to cases on collateral review or a factual

18

predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying his claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error no reasonable fact-finder would have found him guilty. § 2254(e)(2).

The first issue that needs to be addressed is whether and to what extent Holm waived his claims by pleading guilty. Acknowledging that Holm may argue he received ineffective assistance when pleading guilty, respondent asserts nevertheless that Holm waived any ineffective assistance of counsel claims based on counsel's earlier actions prior to the decision to enter the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Under *Tollett*, the defendant may only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Id.*

Respondent cites *Jens v. Endicott*, 2009 WL 357919 (E.D. Wis. 2009), which held that the defendant's guilty plea waived claims of ineffective assistance of counsel "pertaining to events prior to and unrelated to [his] guilty plea." In *Jens,* the district court reasoned that the ineffective assistance of counsel claims related to the defendant's ability to receive a fair trial were waived because defendant was not convicted based on the trial. Rather, he was convicted on the basis of the plea and none of those claims related to the voluntariness of the plea. Hence, the claims addressed in the plea quetionnaire/waiver of rights form, such as the right to confront in court the people would testify against him, were

19

waived by the defendant in open court and the defendant testified that he understood the waiver.  *Id.*, at *3.  Further, to the extent the defendant in *Jens* had raised ineffective assistance of counsel claims for the first time in his § 974.06 motion and the court of appeals refused to address the merits, the decision issued by the court of appeals rested on independent and adequate state procedural bar and those claims would not be addressed.  *Id.*, at *5.

Ultimately, the only issue that was "less clear" was the claim that the defendant was unaware of certain evidence that may have aided his case and he would not have pled guilty had he known of the evidence.  *Id.*  The court of appeals had found that it was procedurally barred by *Escalona-Naranjo* and rejected the argument that ineffective postconviction counsel was a sufficient reason for failing to raise it earlier under *Rothering* because the defendant offered nothing more than conclusory statements.  Even so, the Wisconsin Court of Appeals proceeded to address the merits of the claim, begging the question of whether the judgment rested "clearly and expressly" on the state procedural bar.  The district court acknowledged that the holding was "less than clear" but still "sufficiently clear" that the court "clearly and expressly relied on the procedural bar."  *Id.*

Under the reasoning of *Jens*, Holm waived all but the ineffective assistance of counsel claims that directly implicated the validity of his plea.  After *Jens* was decided, the Seventh Circuit decided *Avila v. Richardson*, 751 F.3d 534, 534–37 (7th Cir. 2014), holding that the state court's ruling that petitioner could not challenge his counsel's performance after pleading guilty was "contrary to" clearly established federal precedent.  There, the defendant attacked the voluntariness of his guilty plea on the ground that his attorney told him he would receive only five years if he pleaded guilty, and the state appellate court ruled

20

that petitioner had waived any challenge to his attorney's performance by his plea. The Seventh Circuit held that the state appellate court's reasoning was "contrary to" controlling precedent in *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), where the Supreme Court held that a criminal defendant who pleads guilty on the advice of counsel can challenge that plea as having not been made knowingly and voluntarily if his attorney's representation fell below an objectively reasonable standard. Instead of applying *Hill*, the state appellate court applied the more general rule that a guilty plea waives nonjurisdictional defects and defenses, including constitutional claims. Because the state court's conclusion that defendant could no longer challenge counsel's performance following a guilty plea "could not be reconciled with *Hill,* the state court decision was contrary to clearly established federal law."

Accordingly, this court looks to *Hill* to determine what was waived by Holm's plea and notes that *Strickland* applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill,* 474 U.S. at 58, 106 S. Ct. at 370. Under *Strickland*, Holm must show that his counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Providing meaningful advice on the options available to a defendant obligates counsel to make reasonable investigations or to make a reasonable decision that renders particular investigations unnecessary. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. *Hill* modified the second part of the *Strickland* test in the context of a guilty plea. Holm must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on continuing his trial. 474 U.S. at 59, 106 S. Ct. at 370.

21

The knowing and voluntary nature of the plea was litigated by Holm in his initial § 974.02 motion, filed prior to the direct appeal. Because the state court conducted a *Machner* hearing and the Wisconsin Court of Appeals adjudicated the ineffective assistance of counsel claims on the merits, the court may only grant relief if the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court or othwerise was based on an unreasonable determination of the facts in light of the evidence presented.

The last decision of the Wisconsin Court of Appeals discussed *Strickland* and *Hill.* Indeed, nothing in the court of appeals decision is contrary or an unreasonable application of clearly established federal law. Nor has Holm supported his argument that the decision reflects an unreasonable application of the facts. With respect to counsel's alleged failure to explain the coercion defense, the court relied on the credibility assessment of the circuit court:

> At the *Machner* hearing, however, trial counsel denied telling Holm that they had to abandon the coercion defense because counsel failed to provide pretrial notice of the defense. Counsel testified that although he was fully prepared to make a good faith effort in presenting this defense, he anticipated the State would object to a coercion defense based on an argument that the coercing party was a co-conspirator. The circuit court made an express finding that trial counsel was more credible than Holm. This court must be sensitive to the trial court's assessment of credibility, and we will uphold that factual determination unless clearly erroneous. *State v. Thiel*, 2003 WI 111, ¶ 23, 264 Wis.2d 571, 665 N.W.2d 305. The trial court's assessment is supported by the record, and we will not disturb it.

Additionally, the court demonstrated that counsel and the court properly informed Holm of the consequences of his guilty plea and that there was not prejudice because the court indicated the triggerman issue was irrelevant to Holm's sentencing:

> Even if Holm mistakenly believed that the sentencing court could not make a finding that he was the "trigger man," such a belief did not prejudice Holm as

22

the sentencing court indicated it was irrelevant to the sentence imposed. In denying Holm's postconviction motion, the court reiterated: "[A]s I said at the time of sentencing, [Holm] did so many acts aiding and abetting the crime, helping dig the grave, so on and so forth, I don't remember all of them, but he was involved up to his eyeballs, whether he was the trigger man or not."

2006 WI App ¶ 9.

Finally, the court of appeals rejected Holm's argument that counsel was ineffective for failing to object to the breach because there was no breach of the agreement. The prosecutor delineated the terms of the agreement at the plea hearing and nothing required the prosecutor to apprise the court of Holm's cooperation. Attorney Rusch had testified at the *Machner* hearing that he made a tactical decision about what to raise at sentencing. Further, the State implied that Holm had testified against his co-conspirators by never claiming that Holm breached the agreement. None of these findings were contrary to or involved an unreasonable application of clearly established law, or were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Holm's remaining arguments regarding the ineffective assistance of postconviction counsel do not implicate the validity of the plea and/or were expressly waived or addressed in the context of the § 974.06 motion. In his plea questionnaire and on the record, Holm waived the following rights:

- right to a trial
- right to remain silent
- right to testify and present evidence at trial
- right to use subpoenas to require witnesses to come to court and testify on his behalf
- right to a jury trial where 12 people would agree whether he is guilty or not guilty
- right to confront in court the people who would testify against him and cross-examine him
- right to have the State prove him guilty beyond a reasonable doubt.

23

Hence, claims regarding the presentation of evidence and confronting witnesses were waived by Holm because the plea was knowing and voluntary.

Further, the ineffective assistance of counsel arguments raised for the first time in the § 974.06 motion were the subject of a procedural bar. When a state court declines to reach the merits of the petitioner's claim because of a procedural default, that default bars federal habeas relief as long as it constitutes an independent and adequate state law ground. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir.1999). To conclude that the procedural default constitutes an independent basis for the state court's ruling, the state court therefore must have "clearly and expressly" relied on procedural default as the basis of its ruling. *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (quotation marks omitted). The state's procedural rule must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348, 104 S. Ct. 1830, 80 L. Ed. 2d 346 (1984)).

From a procedural standpoint, Wisconsin law requires that a defendant raise a claim of ineffective assistance of counsel in the trial court on a motion for postconviction relief pursuant to § 974.02 and pursue the claim in each stage of his direct appeal. *Escalona–Naranj*o, 185 Wis. 2d at 181–82. Absent a "sufficient reason," failure to do so results in a waiver of the claim. *Id.,* at 185. This procedural bar created by *Escalona–Naranjo* has been held an adequate and independent state law ground of procedural default. *Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002). However, it is inadequate to preclude federal review where it is used to prevent review of a defendant's

24

claim that postconviction counsel was ineffective for failing to raise deficiencies in the representation provided by trial counsel. *Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003).

In *Rothering*, the Wisconsin Court of Appeals held that a claim of ineffective assistance of postconviction counsel must be raised in the trial court either by a petition for habeas corpus or a motion under § 974.06. The *Rothering* court recognized that under *Escalona–Naranjo* a defendant could not raise an ineffective assistance of trial counsel claim in a § 974.06 motion when the issue could have been raised on direct appeal or in a § 974 .02 motion absent a "sufficient reason."  But ineffective assistance of counsel, the court suggested, could itself constitute "sufficient reason" to utilize § 974.06:

> It may be in some circumstances that ineffective postconviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not.  In other words, demonstrating to the trial court a sufficient reason for why issues were not raised on direct appeal raises the same questions about counsel's conduct which the defendant would attempt to characterize here as ineffective appellate counsel.  It amounts to proof of the same thing.

*Rothering*, 205 Wis.2d at 682.

The Seventh Circuit in *Page* held that a defendant's failure to assert a claim of ineffective assistance of trial counsel in response to an *Anders* report could not reasonably be considered a waiver of the right to seek relief.  343 F.3d at 908-09.  In ruling, the Seventh Circuit noted several inconsistencies in Wisconsin appellate practice.  For example, ineffective assistance of counsel claims are defaulted if they related to trial conduct and are not brought in response to the no-merit report.  At the same time, ineffective assistance claims involving trial errors must be raised in a separate postconviction motion prior to a no-merit appeal.  As such, the Wisconsin rulings of default were not based on an adequate state ground barring federal habeas review because

25

Wisconsin procedure required the defendant to file "a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court." *Id.* at 909.

The Seventh Circuit found similar inconsistencies with Wisconsin appellate procedure in *Johnson v. Thurmer*, 624 F.3d 786, 790 (7th Cir. 2010). The defendant in *Johnson* was faced with having to raise appellate counsel's deficient performance for not addressing his trial counsel's errors in response to the no-merit report. Because the defendant's claims were not addressed on the merits, the Seventh Circuit applied the pre-AEDPA standard of 28 U.S.C. § 2243, instructing the court to "dispose of the matter as law and justice require." Concluding that counsel was not deficient, the Seventh Circuit affirmed the denial of the habeas petition. *Id.*, 624 F.3d at 793.

Holm's petition differs from *Page* and *Johnson* in that he filed a postconviction motion raising ineffective assistance of counsel claims prior to the direct appeal and he testified at the *Machner* hearing. He then filed a motion to discharge postconviction counsel for purposes of the appeal. That motion reflected Holm's clear and intentional waiver of his right to proceed with counsel. Holm did not raise his additional ineffective assistance of counsel claims on direct appeal, but subsequently returned to the circuit court on a § 974.06 motion. In denying the § 974.06 motion, the circuit court acknowledged *Rothering* and that ineffective assistance of postconviction counsel could excuse a procedural default. Nevertheless, the court ruled:

> Holm's amended postconviction motion alleged that his trial attorney was
> ineffective in numerous ways, and that his postconviction attorney was
> ineffective for failing to raise these ineffective assistance of trial counsel
> arguments in Holm's Wis. Stat. § 974.02 motion. The circuit court determined
> the record conclusively showed that Holm's trial attorney was not ineffective,
> and consequently, the court denied Holm's motion without a hearing. *See*

26

*Allen*, 274 Wis.2d 568, ¶ 9, 682 N.W.2d 433. We agree that a hearing was unnecessary, albeit for a different reason. *See State v. Sharp*, 180 Wis.2d 640, 650, 511 N.W.2d 316 (Ct.App.1993) (we may sustain the trial court's determination on different grounds).

¶ 19 Specifically, we conclude Holm's ineffective assistance claims were procedurally barred. Under Wis. Stat. § 974.06(4) and *State v. Escalona–Naranjo*, 185 Wis.2d 168, 185, 517 N.W.2d 157 (1994), a defendant is required to raise all grounds for relief in his or her initial postconviction motion, or on direct appeal. Thus, arguments that were raised in a previous postconviction motion or appeal may not be raised again in a subsequent motion. *Escalona–Naranjo*, 185 Wis.2d at 185, 517 N.W.2d 157. "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." *State v. Witkowski*, 163 Wis.2d 985, 990, 473 N.W.2d 512 (Ct.App.1991).

¶ 20 In his amended postconviction motion, Holm contended his trial attorney was ineffective for failing to properly explain party to a crime liability and failing to object to the State's alleged breach of the plea agreement. We explicitly rejected these arguments in Holm's direct appeal, concluding that counsel properly explained party to a crime liability and that the State did not breach the plea agreement. See *Holm,* No.2004AP672–CR, unpublished slip op. ¶¶ 8–9. Accordingly, Holm is barred from raising these arguments again.

¶ 21 The remainder of Holm's ineffective assistance arguments are also procedurally barred. A defendant may not raise in a successive postconviction motion any claim that could have been raised on direct appeal or in a prior postconviction motion, unless he or she presents a "sufficient reason" for failing to do so. *Escalona–Naranjo*, 185 Wis.2d at 185, 517 N.W.2d 157. Here, Holm alleges that his postconviction attorney was ineffective for failing to raise various ineffective assistance of trial counsel arguments in Holm's Wis. Stat. § 974.02 motion. He correctly points out that ineffective assistance of postconviction counsel can be a sufficient reason for failing to raise ineffective assistance of trial counsel in a previous postconviction motion. *See State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675, 682, 556 N.W.2d 136 (Ct.App.1996). However, Holm does not explain why he failed to argue on direct appeal that his postconviction attorney was ineffective for failing to raise these ineffective assistance of trial counsel arguments.

¶ 22 In his direct appeal, Holm argued that his postconviction attorney was ineffective because Holm "was left to try and bring [his] own direct appeal . . . without the aid[ ] of counsel" after postconviction counsel determined there were no meritorious issues for appeal. *See Holm*, No.2004AP672–CR, unpublished slip op. ¶ 17. Holm did not argue that postconviction counsel should have raised any ineffective assistance of trial counsel arguments in

Holm's Wis. Stat. § 974.02 motion. Holm has not presented any reason, let alone a sufficient reason, for failing to argue on direct appeal that postconviction counsel was ineffective for failing to raise ineffective assistance of trial counsel. Consequently, Holm is procedurally barred from making that argument now.

2012 WI App 106 , at ¶¶ 19 - 22.

The court's reliance on the procedural bar was stated clearly. However, even if the court of appeals had not clearly cited a procedural bar to the ineffective assistance of counsel claims, the final paragraph of the court of appeals' decision states that the court of appeals would otherwise "agree with the State and the circuit court that the record conclusively demonstrates the claims have no merit." The circuit court's 25-page decision properly and reasonably applied the *Strickland*. That the circuit court ruled without an evidentiary hearing does not require a different result. *See State v. Allen*, 2004 WI 106, ¶ 14, 274 Wis.2d 568, 682 N.W.2d 433 ("A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief."). Holm has not established that the circuit court's ruling (adopted by the court of appeals) was contrary to or an unreasonable application of clearly established Supreme Court law or resulted in a decision that was based on an unreasonable determination of the facts. Nor has Holm established entitlement to an evidentiary hearing or pled actual innocence. Having thoroughly reviewed the claims brought by Holm in his amended petition, the record provided by respondent, and the appendices and other submissions by counsel, the court finds no basis on which Holm is entitled to habeas relief. Now, therefore,

IT IS ORDERED that Holm's petition for writ of habeas corpus is denied.

IT IS FURTHER ORDERED that Holm is denied a certificate of appealability. Holm has not made the showing required by 28 U.S.C. § 2253(c)(2).

28

IT IS FURTHER ORDERED that this case is dismissed with prejudice.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE